UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| United States of America, | Court File No. 26-mj-81 |
| Plaintiff, | |
| v. | **DEFENDANT'S MOTIONS FOR EXPEDITED DISCOVERY, PROTECTIVE ORDER, AND EVIDENTIARY HEARING** |
| Paul E. Johnson, | |
| Defendant. | |

Defendant hereby moves for expedited discovery, a protective order, and an evidentiary hearing under Fed. R. Crim. P. 16, for the reasons stated below.

## BACKGROUND

DHS agents arrested Defendant on January 22, 2026. The agents who arrested Defendant brutally assaulted him during that arrest, resulting in serious and potentially permanent brain injuries as well as damaging Defendant's left shoulder so severely that it will require complete reconstructive surgery. After Defendant's arrest, DHS agents transported him to the Hennepin County Medical Center ("HCMC") for treatment, where he stayed for five days, shackled to his bed, receiving medical care until he was sufficiently stable for discharge.

Defendant drifted in and out of consciousness while receiving treatment at HCMC. At one point, Defendant awoke in his hospital bed to see DHS agents taking pictures of him on their personal phones, apparently to share with other agents as "trophy photos" to

celebrate their brutality. This disgusting behavior violated the Constitution, the Health Information Portability and Accountability Act ("HIPAA"), and human decency.

Compounding the government's invasion of his privacy at HCMC, after Defendant self-surrendered at the invitation of the government, he was posed for full body photographs with an HSI agent while awaiting his initial appearance. These photographs were staged and taken by HSI agents for public relations purposes and unrelated to the booking process, which is normally carried out by U.S. Marshals – not HSI agents, and which does not involve full body photographs. In fact, Defendant had his actual booking photo taken by the Marshals shortly after these staged, posed photographs were taken by HSI.

HSI's staged photograph of Defendant was immediately shared with Attorney General Pam Bondi, who had scheduled a visit to Minneapolis that day as part of a blatant public relations stunt meant to distract from ICE agents' recent murder of Alex Pretti. This PR stunt included orchestrating the self-surrender and staged photos of Defendant and others processed that day, along with the coordinated release of said photos online. After receiving Defendant's staged photo, Attorney General Bondi published Defendant's name and the staged photo on her X account. Attorney General Bondi knew full well that publishing Defendant's photo and identity on her X account would result in widespread online doxxing and harassment of Defendant. Indeed, the post was viewed more than 3 million times and was "retweeted" more than 7,000 times by other users. Notably, the HSI agent who posed Defendant for the PR photo turned his back when the picture was

2

taken to protect his identity, demonstrating an acknowledgement of the consequences of such photos being publicly disclosed in a high-profile manner.

U.S. Marshal policy on prisoner photographs states: "U.S. Marshals employees will not pose prisoners for pictures (except as necessary for identification purposes at district office or detention facilities) or in any way subject prisoners to embarrassment."[1] U.S. Marshals' policy further states: "It is USMS policy to release photographs of fugitives or other prisoners only for law enforcement purposes . . . . Once a prisoner has been arrested, the general rule is that no release should be made because release of photographs of that prisoner to the media or public would not serve law enforcement purposes."[2] *See also* 28 U.S.C. § 50.2(b)(7) ("[DOJ] representatives should not make available photographs of a defendant unless a law enforcement function is served thereby.")

In short, the creation and publication of Defendant's photo violated DOJ and U.S. Marshal policy. Attorney General Bondi's publication of Defendant's photo, name, and charges prior to Defendant's initial appearance also violated the Court's sealing order regarding this matter. *See* ECF No. 4. This behavior was unbecoming of the Department of Justice and redolent of police practices in totalitarian states.

---

[1] https://www.usmarshals.gov/what-we-do/prisoners/operation/prisoner-guideline/prisoner-photographs

[2] https://www.usmarshals.gov/sites/default/files/media/document/booking-photography-disclosure-policy.pdf

## MOTION FOR DISCOVERY

Defendant moves for the following expedited relief pursuant to Fed. R. Crim. P. 16(E):

(1) Disclosure of the identity of any DHS agents who took any photographs or filmed Defendant while he was receiving treatment at HCMC;

(2) Disclosure of the identity of any DHS agents or U.S. Marshal personnel who participated, took or appeared in the staged photo of Defendant after his self-surrender;

(3) Disclosure of the identity of the DHS agents who arrested and assaulted Defendant;

(4) Disclosure of the photographs and/or videos of Defendant taken at HCMC and/or during his arrest and self-surrender;

(5) Disclosure of any communications by DHS, ICE, CBP or other government agents regarding Defendant after his arrest, including but not limited to any communications disseminating photographs or videos of Defendant;

(6) Disclosure of any communications by any officials at the Department of Justice regarding the publication of Defendant's photo on Attorney General Bondi's X account, or the timing of Defendant's charging and self-surrender.

Defendant respectfully requests that the above-requested materials be produced within seven days of the Court's order.

## MOTION FOR A PROTECTIVE ORDER

Defendant further moves this Court for a Protective Order pursuant to Fed. R. Crim. P. 16(d) ordering that any photographs or videos of Defendant, including the staged photograph and any photos or videos taken of him at HCMC, not be disseminated or shared, either privately or publicly, by the United States or its officers and agents. Defendant respectfully requests that the Court order that to the extent any officer or agent of the United

4

States has posted photographs of him on social media, including but not limited to publication on those officials' Twitter or X accounts, that said photographs be removed from the respective social media accounts and no further publication occur.

## MOTION FOR EVIDENTIARY HEARING

Finally, Defendant moves for an expedited evidentiary hearing regarding his motions to determine both the extent of the privacy violations identified herein as well as the impetus behind such violations. Such information and evidence is relevant to the above motions as well as Defendant's forthcoming motion to dismiss for malicious prosecution and outrageous government conduct. Such information also falls within the Court's *Brady* order issued in this case. *See* ECF No. 7. Defendant requests that this evidentiary hearing be scheduled for the same date and time as his preliminary hearing. Defendant further requests that the Court order the appearance at that hearing of any individuals identified pursuant to the above-listed discovery requests 1-3, as well as any personnel tasked with responding or gathering information related to the above-listed discovery requests.

Respectfully submitted,

Dated:  January 31, 2026      */s/ Kevin C. Riach*
                                                    Kevin C. Riach (#0389277)
                                                    125 Main St. SE, Suite 339
                                                    Minneapolis, MN 55412
                                                    Telephone:  612.203.8555
                                                    kevin@riachdefense.com

                                                    ***Attorney for Defendant***