UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| United States of America, | Court File No. 26-mj-81 |
| Plaintiff, | |
| v. | **DEFENDANT'S MOTION FOR DISCLOSURE UNDER RULE 6** |
| Paul E. Johnson, | |
| Defendant. | |

For the reasons stated below, Defendant moves for disclosure of any grand jury proceedings in this case pursuant to Fed. R. Crim. P. 6(e). Specifically, Defendant moves for disclosure of: (1) any "No Bill" returned by the grand jury related to Defendant or the conduct alleged in the Complaint; (2) any testimony or evidence presented to the grand jury that resulted in a "No Bill."

**I.  THE COURT SHOULD ORDER DISCLOSURE OF ANY "NO BILL" RETURN.**

Rule 6(e)(3)(E)(i) provides that the Court has discretion to authorize disclosure of a grand jury matter, "in connection with a judicial proceeding." *See In re Grand Jury Subpoenas Duces Tecum,* 904 F.2d 466, 468 (8th Cir. 1990) (the decision to order disclosure of grand jury materials is left "to the sound discretion of the trial judge.")

There is nothing sacrosanct about grand jury materials once a defendant has been sucked into criminal proceedings – indeed, the indictment in a federal felony case is often

the first thing disclosed, and witness testimony is routinely disclosed pursuant to the Jencks Act. Several reasons militate for prompt disclosure of any "no bill" returned in this case.

First, any evidence presented to the grand jury resulting in a "no bill" must be disclosed under *Brady* as it has a demonstrated exculpatory character. Rule 6(e) permits disclosure when "needed to avoid a possible injustice in another judicial proceeding." *Douglas Oil Co. of Cal.*, 441 U.S. at 222 (1979) (citation omitted); *see In re Grand Jury Investigation*, 55 F.3d 350, 354 (8th Cir. 1995). Disclosure of *Brady* material – and by extension the existence of the proceeding that adduced it – is needed to avoid a possible injustice here.

Second, return of a "no bill" in this case is a matter of fairness to Defendant. He was doxed by the Attorney General of the United States, who published Defendant's photograph and name on her official X.com account, describing him as a "rioter" who "allegedly assaulted law enforcement."[1] Any "no bill" exposing these falsehoods should be disclosed.

Third, the return of a "no bill" is a matter of public interest and important to the public conversation about the Trump Administration's attempts to curtail civil liberties. As two former U.S. Attorneys for the District of Minnesota recently wrote:

> The American public must have confidence that the grand jury remains an independent body of citizens, not an "illegitimate: extension of the executive branch, seeking to gloss over unconstitutional actions by government actors. It is the duty of any person summoned to serve on a grand jury to preserve the

---

[1] https://x.com/AGPamBondi/status/2016585421027754465

2

grand jury's independence by applying the law, not rubber-stamping government overreach.[2]

The substantial public interest in grand jury "no bills" is evidenced by the widespread public attention to grand jury rejections of DOJ's ill-founded prosecutions, as well as the ongoing public conversation about the importance of grand juries as a constitutional backstop.[3]

Finally, "the interests in grand jury secrecy are reduced, although not eliminated," now that "the grand jury has ended its investigation." *In re Grand Jury Proc. Relative to Perl*, 838 F.2d 304, 307 (8th Cir. 1988). To the extent that the grand jury "investigated" Defendant's conduct, that investigation has concluded. Any interest in maintaining the

---

[2] John Marti and Hank Shea, *The last line of defense: We the people as a check on government power*, (Feb. 10, 2026) https://www.startribune.com/constitution-democracy-founding-fathers-government-amendment-jury/601579837.

[3] *E.g., Grand juries take on growing importance amid Trump's legal retribution campaign*,https://thehill.com/regulation/court-battles/5738221-grand-juries-trump-interference; *Ex-GOP staffer and Pirro aide tried, failed to indict Democrats over social media video*, https://www.nbcnews.com/politics/justice-department/ex-gop-staffer-pirro-aide-tried-failed-indict-democrats-social-media-v-rcna258784; *Trump triggers a renaissance for grand juries*, https://www.politico.com/news/2026/01/07/trump-grand-juries-letitia-james-comey-indictments-00713579; *DC grand juries hand prosecutors unprecedented wave of defeats in Trump surge cases*, https://www.wusa9.com/article/news/crime/dc-grand-juries-hand-prosecutors-unprecedented-wave-of-defeats-in-trump-surge-cases-jeanine-pirro-emergency-national-guard-no-true-bill/65-b6d7aafc-5ce5-4eb2-a30b-50b563b53c68; *The Grand Jury Strikes Back*, https://www.lawfaremedia.org/article/the-grand-jury-strikes-back; *Feds fail to get indictment against DC 'Subway' sandwich thrower who DOJ fired*, https://www.cnbc.com/2025/08/27/feds-indictment-grand-jury-sandwich-thrower-trump-dc.html.

secrecy of its decision has dissipated in the face of the substantial interest in ensuring Defendant's constitutional rights are observed and the public is informed.

## II. THE COURT SHOULD ORDER DISCLOSURE OF ANY EVIDENCE PRESENTED TO THE GRAND JURY THAT RESULTED IN A NO BILL.

While there is a "long-established policy that maintains the secrecy of the grand jury proceedings," *United States v. Proctor & Gamble Co.*, 356 U.S. 677, 681 (1958), courts may order disclosure of grand jury transcripts when defendants establish a "particularized need" that outweighs the interest in maintaining grand jury secrecy. *United States v. Broyles*, 37 F.3d 1314, 1318 (8th Cir. 1994) (citing *Procter & Gamble*, 356 U.S. at 683).

If the grand jury returned a "No Bill" in this case, then the evidence it heard is by definition "exculpatory" as it resulted in a finding that the proposed charges lacked probable cause. The Court has already issued its *Brady* Obligation Order requiring timely production of exculpatory and impeachment evidence pursuant to *Brady v. Maryland* and its progeny. ECF No. 7. Pursuant to this order, the government should produce any evidence submitted during an unsuccessful foray before the grand jury.

## CONCLUSION

For the above-stated reasons, Defendant respectfully moves the Court for an order requiring disclosure of: (1) any "No Bill" returned by the grand jury related to Defendant or the conduct alleged in the Complaint; (2) any testimony or evidence presented to the grand jury that resulted in a "No Bill."

4

Respectfully submitted,

Dated:  February 15, 2026          */s/ Kevin C. Riach*
                                                  Kevin C. Riach (#0389277)
                                                  125 Main St. SE, Suite 339
                                                  Minneapolis, MN 55412
                                                  Telephone:  612.203.8555
                                                  kevin@riachdefense.com
                                                  ***Attorney for Defendant***