UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

| | |
|---|---|
| United States of America, | Court File No. 26-mj-81 |
| Plaintiff, | |
| v. | **DEFENDANT'S MEMORANDUM OPPOSING MOTION FOR** |
| Paul E. Johnson | **EXTENSION OF TIME** |
| Defendant. | |

---

The government has moved for additional time to respond to Defendant's Motion for Expedited Discovery (ECF No. 13). Defendant opposes this Motion.

Defendant filed his Motion for Expedited Discovery on January 31, 2026. ECF No. 13. On February 5, 2026, the Court set a February 17, 2026 hearing date for Defendant's Motion. ECF No. 18. The government did not file any response to Defendant's motion prior to the hearing. At the hearing, the government's counsel stated it was unfamiliar with the Motion and could not respond verbally. The Court permitted the government an additional seven days to file a response to the Motion, due on February 24, 2026. *See* ECF No. 26.[1] The government failed to file any response by this deadline, and on February 26,

---

[1] The Court specifically asked the government to confirm whether its publication of Defendant's staged photograph, name, and accusations that he was a violent rioter before the case was unsealed violated this Court's sealing order. *See* ECF No. 26. Defendant notes that Magistrate Judge Foster, who was the judge who issued the sealing order in this case, has already concluded that publication of another defendant's name and photo in the same posting by Attorney General Bondi violated the sealing order. Order, *U.S. v. Flores*, ECF No. 26, Case No. 26-mj-57 (D. Minn., filed Feb. 24, 2026) ("The post also directly

2026, the Court ordered the government to respond to the Motion or file a motion for an extension of time to respond by 5:00 p.m. that day.  ECF No. 30.

On February 26 at 4:02 p.m., the government filed a Motion for Extension stating the reason for its requested extension was: "Additional time is needed to respond as ordered by the court." ECF No. 31 at 1.  No other reason was given for the failure to timely file, to produce the requested discovery, or to otherwise respond in any way to the Motion for Expedited Discovery that Defendant filed a month ago.  The government has not provided *any* cause for its untimeliness, let alone good cause that would justify the extension it seeks. The past weeks have seen a growing cascade of failures by the government to comply with court orders and make timely filings in cases across this District.[2]  This is just the latest example.  By failing to file any response before the hearing, by failing to be prepared to discuss Defendant's Motion at the hearing scheduled for that Motion, by failing to file a written response within the schedule ordered by the Court, and by failing to provide any reason for these failures, let alone an adequate reason excusing them, the government has waived and forfeited its response to the Motion.

Defendant needs the discovery requested in his Motion to adequately prepare his forthcoming Motion to Dismiss For Outrageous Government Conduct.  Defendant's

---

violated a court order sealing the case (ECF No. 6), which was not lifted until the Court conducted initial appearances later that day (*see* ECF No. 7)."

[2] *See, e.g,* Order Scheduling Contempt Hearing, *Saul N. v. Lyons, et al.*, Case No. 26-cv-114 (JMB/DJF), ECF No. 16 (D. Minn., filed Feb. 26, 2026) (ordering contempt hearing based on widespread noncompliance with court orders); Order, *United States v. Timberlake*, Case No. 25-232 (DSD/SGE), ECF No. 32 (dismissing case for speedy trial violation and noting government's untimely response to defendant's motion to dismiss).

motions are due on March 10, 2026, and Defendant does not want to extend that deadline because he wants to move this case to conclusion as swiftly as possible. He is the one suffering with this federal prosecution hanging over his head. It is unsurprising that the government feels no urgency to act, given that it has already accomplished the public relations stunt which kicked off this case and appears to be the primary motivation for bringing it.

    The Court should end the government's dithering and grant Plaintiff's Motion. The requested discovery is material to this case and should be produced promptly, and an evidentiary hearing should be scheduled prior to Defendant's motion deadline to address the issues raised in the Motion for Expedited Discovery.

Respectfully Submitted,

Dated: February 26, 2026	/s/ *Kevin C. Riach*
    Kevin C. Riach (#0389277)
    125 Main St. SE, Suite 339
    Minneapolis, MN 55412
    Telephone: 612.203.8555
    kevin@riachdefense.com
    *Attorney for Defendant*