UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Court File No. 26-mj-81 (KMM-SGE)

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | **GOVERNMENT'S RESPONSE TO MR. JOHNSON'S MOTIONS FOR EXPEDITED DISCOVERY, PROTECTIVE ORDER, AND EVIDENTIARY HEARING** |
| v. | |
| PAUL E. JOHNSON, | |
| Defendant. | |

The United States of America, by and through its attorneys, Daniel N. Rosen, United States Attorney for the District of Minnesota, and Michael Hakes-Rodriguez, Special Assistant United States Attorney, hereby submits its response to Johnson's motions for expedited discovery, protective order, and evidentiary hearing.

On January 31, 2026, Johnson moved to compel discovery related to alleged mistreatment by the government, a related motion for a protective order, and for an evidentiary hearing. Johnson is seeking information and evidence that would support a forthcoming motion to dismiss the government's case against him for malicious prosecution. In his Motion for Discovery, Johnson seeks three categories of information.

First, he seeks information related to any photographs or videos taken while Johnson was at HCMC—proffering in his motion that while he "drifted in and out of consciousness" he observed agents taking pictures of him on their personal phones. Second, Johnson seeks the identities of DHS agents that were present during the charged conduct. Finally, Johnson seeks discovery related to the "staged photo" of him posted on Attorney General Bondi's X account and a protective order.

The government takes its discovery obligations very seriously. The government has already provided substantial discovery in this case. The government has also inquired into the existence of photographs taken at HCMC, but none have been identified. As set forth below, the government agrees to produce information about the charged incident, including the identities of those involved, and will continue to inquire about any photographs taken at HCMC and produce any that are located. With respect to discovery related to the "staged photo" of Johnson on Attorney General Bondi's X account and a protective order, the government opposes those motions.

## I.   JOHNSON'S MOTION FOR DISCOVERY

Johnson moved this Court to order the Government to make several disclosures under Fed. R. Crim. P. 16(a)(1)(e).[1] Under Rule 16(a)(1)(E), the Government must permit Johnson to inspect and to copy or photograph books, papers, documents, data, photographs, tangible objects, buildings or places, or copies or portions of these items if the item is within the Government's possession, custody, or control. Fed. R. Crim. P. 16(a)(1)(E). In addition, the rule requires (i) the item is material to preparing the defense, (ii) the Government intends to use the item in its case-in-chief at trial, or that (iii) the item was obtained from or belongs to the Defendant. Fed. R. Crim. P. 16(a)(1)(E)(i)-(iii).

The Government has already made substantial Fed. R. Crim. P. 16 disclosures, including several of the items requested in Johnson's motion. However, some of what Johnson has requested is outside of the scope of the Government's obligations. "Criminal

---

[1] Johnson cites "Rule 16(E)" in support of his motion. *See* DCD 13 at 4. However, there is no Rule 16(E). The government understands that he means cite Rule 16(a)(1)(E).

2

defendants do not have a general constitutional right to discovery," *United States v. Johnson*, 228 F.3d 920, 924 (8th Cir. 2000), and "Rule 16 is the primary avenue available to a criminal defendant seeking discovery." *United States v. Siewert*, Case No. 08-4 (DWF/SRN), 2008 WL 3165852, at *2 (D. Minn. June 10, 2008), *order adopting report and recommendation* at 2008 WL 3200701 (D. Minn. Jul. 29, 2008); s*ee also Richmond v. State*, Case No 4:24-CV-04067-ECS, 2024 WL 3385524, at *2 (D.S.D. July 11, 2024) (the scope of discovery in a criminal case is narrower than in a civil case).

Johnson seeks the disclosure of any photographs or videos of Defendant while at HCMC (Item 4) and the identity of any DHS agents who took the same (Item 1).  The Government sent out inquiries to several agents in the Department of Homeland Security (DHS), including the case agent assigned to this matter, agents involved in Johnson's arrest, and asked that the inquiry be sent to anyone else who might have been involved during his time at HCMC.  To date, no one has confirmed such photos exist, much less produced them.  We are still awaiting a few additional responses.  The government will continue to inquire and will (1) notify Johnson if it learns that any such photographs were taken, and (2) disclose copies of any such photos if they are discovered.  With respect to the identities of any agents who took such photographs, that is presently moot, given that there are no photographs.  However, should the government learn that photographs of Johnson were taken at HCMC, the United States would object to the disclosure of the agents' identities as beyond the scope of Rule 16 and the government's other discovery obligations.

Johnson also seeks the disclosure of the identities of the DHS agents who arrested and allegedly assaulted him (Item 3). The Government agrees that the identities of the agents involved in the arrest of Johnson are material to prepare a defense. The government has already produced all the names, reports and body worn camera footage in its possession regarding this encounter. Should the government learn of others who were involved, their identities will be disclosed.

The remaining requests deal with the posting of a photograph of Johnson on Attorney General Bondi's X account. First, Johnson seeks the identities of the agents who took this photograph. Disclosure is not required, however, because Johnson has not made any showing that the identities of the agents, or any communications regarding the posting of the photo, are material to the matter in controversy as required. *See* Fed. R. Crim. P. 16(a)(1)(E). The photo was taken days after events in the charged offense. There is nothing about the Attorney General's social media post that relates to an element of the offense charged in this case, and the government has alleged no wrongdoing by Johnson after his arrest. Thus, these requests pertain only to matters outside the scope of these proceedings.

Without a basis for disclosure under Rule 16, communications that took place after the arrest are irrelevant to this case and not discoverable unless they contain *Brady* material. The United States understands, has substantially complied with, and will continue to comply with, its *Brady* obligations to produce exculpatory/impeachment evidence to the defense. Typically, *Brady* is a trial right that is tethered to evidence that would affect the outcome of the *trial* because it supports an affirmative defense or tends to negate the government's proof on an essential element of the offense. In other words, *Brady* applies

CASE 0:26-mj-00081-KMM-SGE   Doc. 34   Filed 03/02/26   Page 5 of 8

to evidence that is "material either to guilt or to punishment." *United States v. Miller*, 698 F.3d 699, 704 (8th Cir. 2012). It is not a general discovery device. *Id.* Nor does it require disclosure of any and all information that the defense deems "helpful." *Kyles v. Whitley*, 514 U.S. 419, 436-37 (1995). Here, Johnson's complaint is that the photo was posted. There is no dispute that the photo was posted, and Johnson has not explained how any additional information implicates the government's *Brady* obligations.

Johnson seems to be arguing that the communications are relevant to potential motions to dismiss (yet to be filed) for malicious prosecution and outrageous government conduct. *See* DCD 13 at 5. While a defendant <u>may</u> be entitled to discovery as to a defense such as vindictive prosecution or outrageous government conduct, he must first come forward with evidence "tending to show the existence of the essential elements of the defense." *See United States v. Armstrong*, 517 U.S. 456, 458 (1996); *United States v. Hirsch*, 360 F.3d 860, 864 (8th Cir. 2004) (the defendant must "produce at least some credible showing" on the elements). "[M]ere allegations" are insufficient to be entitled to discovery. *United States v. Aanerud*, 893 F.2d 956, 960-61 (8th Cir. 1990).

Here, Johnson has cited no case law which would support a claim of vindictive prosecution or outrageous government conduct for posting a photograph. Instead, he cites to polices which do not create substantive rights. First, he cites to U.S. Marshal policy. *See* DCD 13 at 3. Internal policy provisions of the DOJ do not create substantive rights for defendants. *See e.g. United States v. Leathers*, 354 F.3d 955, 962 (8th Cir. 2004) (*Petite* policy "is a discretionary policy of the Department of Justice [that] does not confer any

5

substantive rights and its application cannot form the basis for a claim of improper prosecution").

Second, he cites 28 C.F.R. 50.2(b)(7). *See* DCD 13 at 3. Similarly, it is the government's position that the CFR does not create enforceable rights for criminal defendants. *See e.g. United States v. Parrish*, Case No. CR420-124-17, 2022 WL 662306 (S.D. Ga. Mar. 4, 2022) (defendant moved to dismiss his indictment and for sanctions/discipline based on a press conference and press release. Neither was appropriate). "[C]ourts have explained that 28 C.F.R. 50.2 does not create enforceable rights for criminal defendants." (*citing United States v. Lee*, 2015 WL 56671021, at *7 (N.D. Ga. Sept. 25, 2015))." In footnote 2, the court distinguished *United States v. Flemmi*, 233 F. Supp. 2d 75, 80 (D. Mass. 2000), which wrote that 50.2 "may create rights" for criminal defendants. *Id.* In any event, the government would assert that a law enforcement purpose was served.

Finally, Johnson also claims that the posting violated the Court's Order sealing the Compliant, Affidavit and arrest warrant. The Court's Order, however, sealed only the complaint, the arrest warrant, and the affidavit of the case agent. The posts made by the Attorney General contained none of the aforementioned documents. Instead, the post contained Johnson's name and the fact of his arrest, along with his photo. To the extent that the Court considers information about Johnson's name and the fact of the arrest[2] as being covered by the sealing petition, any violation was inadvertent. The case was

---

[2] There can be no question that the photo itself was not covered by the sealing order.

unsealed the same afternoon as the X posts, and the information posted was public information. These documents were sealed at the request of the government in order to prevent the ongoing investigation from being compromised and for the safety of the officers conducting the investigation and arrest. *See* DCD 3 at 2. While the posts were made a few hours before the initial appearance and unsealing, as a practical matter, the purpose for which they had been sealed had been completed.

## II.     DEFENDANT'S MOTION FOR A PROTECTIVE ORDER

Johnson moves for a protective order preventing the dissemination of all photos and videos of Johnson. Rule 16(d)(1) requires "good cause" to issue a protective order. "Good cause is established on a showing that disclosure will work a clearly defined and serious injury to the party seeking closure. The injury must be shown with specificity. Broad allegations of harm, unsubstantiated by specific examples or articulated reasoning, do not support a good cause showing." *United States v. Wecht*, 484 F.3d 194, 211 (3d Cir. 2007) (quoting *Pansy v. Borough of Stroudsburg*, 23 F.3d 772, 786 (3d Cir. 1994)).

Although Johnson made the unsubstantiated claim that the Attorney General knew that her posting on the X account would result in doxxing and harassment, Johnson has not alleged that he has suffered any doxxing or harassment, only that the post has been re-tweeted many times. *See* DCD 13 at 2. Further, he has not explained how the posting of photographs in general could lead to doxxing and harassment.[3] On this record, a protective order is not appropriate.

---

[3] Notably, in Johnson's response to the Government's motion for a protective order, he claimed that doxxing was insufficient to establish good cause for a protective order without

### III. DEFENDANT'S MOTION FOR AN EVIDENTARY HEARING

Johnson moves for an expedited evidentiary hearing regarding these motions. The Court should deny that request, as the government has provided Johnson with the bulk of what he has requested, and the remaining items do not fall under Rule 16.

### IV. CONCLUSION

Based on the foregoing, the United States respectfully requests that the Court deny Mr. Johnson's motions for expedited discovery, for a protective order, and for an evidentiary hearing.

Dated: March 2, 2026                    Respectfully Submitted,

                                        DANIEL N. ROSEN
                                        United States Attorney

                                        *s/ Michael Hakes-Rodriguez*
                                        BY: Michael Hakes-Rodriguez
                                        Special Assistant U.S. Attorney

---

a particular harm alleged. See DCD 29. Unlike the speculative nature of Johnson's arguments, DHS agents have been repeatedly threatened and harassed.