UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Criminal No. 26-mj-81 (KMM/SGE)

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>PAUL ERVIN JOHNSON,<br><br>Defendant. | **GOVERNMENT'S RESPONSE TO JOHNSON'S MOTION TO STRIKE APPEARANCE OF GOVERNMENT'S COUNSEL** |

The United States of America, by and through its attorneys, Daniel N. Rosen, United States Attorney for the District of Minnesota, and Michael Hakes-Rodriguez, Special Assistant United States Attorney ("SAUSA"), hereby submits its response in opposition to Defendant's Motion to Strike Appearance of Government's Counsel (ECF No. 24). The Government opposes this motion for the reasons set forth below.

## I. GOVERNMENT'S COUNSEL HAS FULLFILLED THE REQUIREMENTS OF LOCAL RULE 83.5(E)

Johnson claims that Government's Counsel has not satisfied the requirements set out in Local Rule 83.5(e) and that he is in violation of Local Rule 83.5(e)(2). However, Mr. Hakes-Rodriguez has in fact sought and obtained

special permission[1] to practice in the District of Minnesota pursuant Local Rule 83.5(a)(2)(D).[2]. His admission was completed February 2, 2026, and can be confirmed via the United States District Court, District of Minnesota Bar Attorney Status Lookup and Directory Service.[3]

Therefore, Mr. Hakes-Rodriguez has been admitted to this bar by Special Permission, and Johnson's motion to strike his appearance and preclude participation in this case should be denied.

## II. THE POSSE COMITATUS ACT DOES NOT PROHIBIT MR. HAKES-RODRIGUEZ FROM PARTICIPATION IN THIS CASE.

Defendant claims that the Posse Comitatus Act ("PCA") precludes Government's Counsel, Mr. Hakes-Rodriguez, from participation in this case due to his status as an officer in the United States Army Judge Advocate General's Corps. (ECF No.24). The Government disagrees because the

---

[1] The Special Permission form is located at https://www.mnd.uscourts.gov/attorney-admission-information

[2] Because Mr. Hakes Rodriguez obtained special permission under Local Rule 83.5(a)(2)(D), the association requirements in set forth in Local Rule 83.5(e) do not apply. However, even if they did, Mr. Hakes-Rodriguez is in fact associated with an attorney from the United States' Attorney's Office for the District of Minnesota. He works in close coordination with several Assistant United States Attorneys assigned to that office and is directly supervised by them.

[3] Admission can be confirmed by typing in "Hakes" in the Court Attorney Status Lookup located at https://ecf.mnd.uscourts.gov/cgi-bin/BarLookup.pl.

proscriptions of the PCA expressly exclude any statutory grants of authority and, as more fully set forth below, various statues authorize the appointment of military SAUSAs.

    A.    <u>Congress Has Authorized Mr. Hakes-Rodriguez's Participation In This Case As a SAUSA.</u>

Under the Posse Comitatus Act ("PCA"), "[w]hoever, ***except in cases and under circumstances expressly authorized by the Constitution or Act of Congress***, willfully uses any part of the Army, the Navy, the Marine Corps, the Air Force, or the Space Force as a posse comitatus or otherwise to execute the laws" has committed a crime. *See* 18 U.S.C. § 1385 (emphasis added). In other words, where an Act of Congress has authorized the actions of the military, there can be no violation of the PCA. Here, Congress has specifically authorized the detailing of military lawyers for use as SAUSA to prosecute civilians for criminal violations, and thus, Johnson's motion should be denied. *See United States v. Allred*, 867 F.2d 856 (1989).

First, express Congressional authority for Mr. Hakes-Rodriguez's appointment as a SAUSA is found at 10 U.S.C. § 806(d)(1), which provides that "[a] judge advocate who is assigned or detailed to perform the functions of a civil office in the Government of the United States under Section 973(b)(2)(B) of this title may perform such duties as may be requested by the agency concerned, including representation of the United States in civil and criminal

3

cases." *See also United States v. Allred,* 867 F. 2d at 871. Under 10 U.S.C. § 973(b)(2)(B), "an officer of the armed forces may hold or exercise the function of a civil office in the Government of the United States that is not described in subparagraph (A) when assigned or detailed to that office or to perform those functions."[4]

Consist with this statute, the Attorney General has the authority to receive details of military lawyers from the Department of Defense. The Economy Act authorizes the Attorney General to accept detailees consistent with the terms of the statute. 31 U.S.C § 1535(a). Additionally, 28 U.S.C § 530C(a)(2), underscores that the Attorney General may "receiv[e] details of personnel [from] other branches or agencies of the Federal Government, on a reimbursable, partially reimbursable, or non-reimbursable basis." *See Also,* Dep't of Defense Instruction 1000.17, para. 3(a)—(b) (Apr. 26,2022). Neither statue designates a limitation on the personnel that can be detailed or received by either the Secretary of Defense or the Attorney General. Thus, statutory and regulatory authorities confirm that the Attorney General may accept the detailed military personnel to serve as SAUSAs.

---

[4] Mr. Hakes-Rodriguez's assignment as a SAUSA does not fall under any of the enumerated subsections of 10 U.S.C. § 973 (b)(2)(A) as his position (i) is not one of an elective office (ii) does not require an appointment by the president with advice and consent by the senate, and (iii) is not a position in the Executive Schedule under sections 5312 through 5317 of title 5.

These SAUSAs and Assistant United States Attorneys may be detailed to assist the Attorney General when the public interest so requires. 28 U.S.C. § 543. Here, Mr. Hakes-Rodriguez is detailed as a SAUSA under 28 U.S.C § 543. Such attorneys, like Mr. Hakes-Rodriguez, who are specially appointed by the Attorney General under § 543, are authorized under 28 U.S.C. § 515(a) to "conduct any kind of legal proceeding, civil or criminal, including grand jury proceedings and proceedings before committing magistrate judges, which United States attorneys are authorized by law to conduct". 28 U.S.C. §515; *see also United States v. Allred,* 867 F. 2d at 871. This authorization contains no limitation on the persons whom the Attorney General may appoint, nor does it indicate any limitations on the duties which the appointee may perform. *United States v. Allred*, 867 F.2d at 871.

Indeed, the Eighth Circuit has recognized a broad reading of 28 U.S.C § 515(a), noting that § 515(a) is "not a limitation but a grant of authority that makes the powers of the Attorney general coextensive with his duties." *United States v. Wrigley*, 520 F.2d 362, 369 (8th Cir. 1975); *see also United States v. Agrusa*, 520 F.2d 370 (8th Cir. 1975); *Little v. United States*, 524 F.2d 335 (8th Cir. 1975). Notably, in *Wrigley,* the Court recognized the Attorney General's broad power, noting that "until Congress imposes limitations on the power of the Attorney General, we must accept his right to authorize, absent a violation of the constitution, special attorneys to conduct any criminal proceeding in a

5

designated judicial district which United States Attorneys are authorized to conduct." *United States v. Wrigley*, 520 F.2d at 369. To date, Congress has not imposed any such limitation, and Johnson has not identified a constitutional violation in Mr. Hakes-Rodriguez's detailing as a SAUSA.

The legal standard in this circuit for when a PCA violation occurs is where military personnel perform a law enforcement function that "regulates, forbids, or compels some conduct on the part of those claiming relief. A mere threat of some future injury would be insufficient." *Bissonette v. Haig*, 776 F.2d 1384 (8th Cir. 1985), on reh'g, 800 F.2d 812 (8th Cir. 1986), aff'd, 485 U.S. 264, 108 S. Ct. 1253 (1988).

The *Bissonette* court transplanted this standard from *Casper*, where the Eighth Circuit approved a standard to determine whether a PCA violation had occurred. *United States v. Casper,* 541 F.2d 1275 (8th Cir. 1976). In *Casper,* the Court's standard for when a PCA violation had occurred was where military personnel used by civilian law enforcement officers subjected citizens to the exercise of military power in such a way that is regulatory, proscriptive, or compulsory in nature, either presently or prospectively. *Id* at 1278.

Applying this standard, Mr. Hakes-Rodriguez's detail as a SAUSA does not violate the PCA because (1) he is assigned to the DOJ on a full-time basis, (2) to perform a well-defined prosecutorial function in an entirely civilian capacity as a regularly and properly appointed SAUSA, (3) is being supervised

in the work related to his detail entirely by civilian supervisors within the District of Minnesota United States Attorney's Office. In this limited capacity, Mr. Hakes-Rodriguez's participation in this case does not subject any citizen to the exercise of *military* power in any regulatory, proscriptive, or compulsory manner. Rather, the military's sole presence in this case comes from Mr. Hakes-Rodriguez's affiliation with the United States Army. Moreover, Mr. Hakes-Rodriguez's authority in this case does not flow from his affiliation with the United States Army, but instead it derives exclusively from his appointment as a SAUSA.

Therefore, neither Johson nor any other citizen is subject to any exercise of military power, let alone in a regulatory, proscriptive, or compulsory nature. In this case, Johnson is charged under 18 U.S.C. §111(a)(1), Assault on a Federal Officer. The facts and circumstances allege Johnson committed a federal criminal offense against civilian federal law enforcement officers. There are no facts in this case involving military personnel. Moreover, Mr. Hakes-Rodriguez's authority in his assigned cases flows directly and exclusively from a proper federal civilian authority, the same as any other SAUSA.

Johnson relies on two Department of Defense instructions, neither of which applies. See DCD 24 at 4. First, Johnson's reliance on Department of Defense Instructions 3025.21 and 5525.07 does not change the analysis. Instruction 5525.07 sets the policy for the collaboration of the Department of

7

Defense with the Department of Justice in investigations of Department of Defense programs, operations or personnel. It has no relevance or applicability to the SAUSA appointment here.

Second, Instruction 3025.21 concerns Department of Defense support to civilian law enforcement agencies, engaged in law enforcement activities. It places restrictions on direct assistance in law enforcement activities like include things like interdictions and traffic stops. The SAUSA appointment of Mr. Hakes-Rodriguez is not a law enforcement activity covered by this Instruction. Furthermore, Johnson has not provided any authority for the position that this internal agency policy creates any substantive rights. *See e.g. United States v. Leathers*, 354 F.3d 955, 962 (8th Cir. 2004) (Petite policy "is a discretionary policy of the Department of Justice [that] does not confer any substantive rights and its application cannot form the basis for a claim of improper prosecution").

Considering the long-standing presumption that Congress is aware of existing law when it passes legislation[5], and the Posse Comitatus Act's own indication that it should be interpreted in light of co-existing statutory framework, Mr.

---

[5] *Mississippi ex rel. Hood v. AU Optronics Corp.*, 571 U.S. 161, 169, 134 S. Ct. 736, 742 (2014) citing *Hall v. United States*, 566 U.S. 506, 132 S. Ct. 1882 (2012); See Also., *McQuiggin v. Perkins*, 569 U.S. 383, 133 S. Ct. 1924 (2013); *Parker Drilling Mgmt. Services, Ltd. v. Newton*, 587 U.S. 601, 139 S. Ct. 1881 (2019)

8

Hakes-Rodriguez's appointment and participation in the prosecution of civilians as a SAUSA does not violate the Posse Comitatus Act.

## III.  CONCLUSION

Based on the foregoing, the United States respectfully requests that the Court deny Johnson's Motion to Strike Appearance of Government's Counsel.

Dated: March 3, 2026

                                        Respectfully Submitted,

                                        DANIEL N. ROSEN
                                        United States Attorney

                                        *s/Michael Hakes-Rodriguez*

                                        BY:  Michael Hakes-Rodriguez
                                        Assistant U.S. Attorneys