UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| United States of America, | Court File No. 26-mj-81 |
| Plaintiff, | |
| v. | **DEFENDANT'S REPLY MEMORANDUM SUPPORTING MOTION FOR EXPEDITED DISCOVERY** |
| Paul E. Johnson, | |
| Defendant. | |

Mr. Johnson filed a Motion for Expedited Discovery and an Evidentiary Hearing related to the government's misconduct in this case. ECF No. 13. The government responds that his motion should be denied because he has not made the showing necessary to obtain it and because it is not discoverable under Rule 16 or required disclosure under *Brady*.

But the government is wrong. Mr. Johnson's arrest, assault, lengthy incommunicado detention, and doxxing by the DOJ was egregious and sufficiently shocking to the conscience to support his requests for discovery and an evidentiary hearing. The Court should grant his motion.

**I.     THE GOVERNMENT HAS NOT PRODUCED THE REQUESTED DISCOVERY.**

The government's brief states: "The Government has already made substantial Fed. R. Crim. P. 16 disclosures, including several of the items requested in Johnson's motion." ECF No. 34 at 2. That is not entirely accurate. The government has provided the names of the individuals who arrested Mr. Johnson, which is part of one of his requests. *See* ECF

No. 13 at 4 (listing requested discovery). The government has not produced any of the other requested discovery.

## II.   THE REQUESTED DISCOVERY IS MATERIAL TO MR. JOHNSON'S DEFENSES.

Mr. Johnson intends to bring a Motion to Dismiss for Outrageous Government Conduct. The Court has discretion to order discovery and hold an evidentiary hearing on a defendant's outrageous government conduct defense. *U.S. v. Kelley*, 152 F.3d 881, 885 (8th Cir. 1998); *see also United States v. Valona*, 834 F.2d 1334, 1340 (7th Cir.1987) (hearing on outrageous government conduct defense is warranted when defendant presents specific facts sufficient to raise significant doubt about propriety of government action).

When viewed together, the (1) unconstitutional stop that lead to Mr. Johnson's arrest; (2) agents' brutal assault of Mr. Johnson that has left him permanently injured; (3) agents holding Mr. Johnson incommunicado at HCMC for days so that a nurse had to smuggle him a phone just so he could surreptitiously call his wife to tell her where he was; (4) ICE's refusal to let family or Mr. Johnson's counsel visit him in the hospital despite his serious injuries; (5) the egregious violation of Mr. Johnson's privacy involved in photographing and filming him while he lay unconscious in his hospital bed; (6) the staged photographs taken before his initial appearance; (7) the government's violation of the sealing order in this case; and (8) the doxxing of Mr. Johnson on Attorney General Bondi's X account, at minimum make out a *prima facie* case of "outrageous government conduct" in this misdemeanor prosecution. *See United States v. Hunt*, 171 F.3d 1192, 1195 (8th Cir. 1999) (explaining that government conduct "so outrageous and shocking that it exceed[s]

2

the bounds of fundamental fairness," may violate the Due Process clause). Further, when determining the propriety of Mr. Johnson's requests, the known and proffered facts about Mr. Johnson must be viewed in light of the widespread documented misconduct by ICE and CBP officers against peaceful protesters and legal observers throughout the Twin Cities during Operation Metro Surge. For example, in the recently filed First Amended Complaint in *Tincher, et al. v. Noem, et al.*, Case No. 25-cv-4669, ECF No. 136, the Plaintiffs cited ***more than one-hundred sworn declarations*** documenting constitutional violations and other misconduct by ICE and CBP agents.[1]

This is one of those rare cases where a defendant has a colorable argument that the government's conduct is "so outrageous and shocking" that it violated due process. Given the facts known and proffered, Mr. Johnson has met the threshold for obtaining discovery to support his motion. Such discovery is material to this particular defense and must be produced under Rule 16(a)(1)(E)(i).

Moreover, *Brady* compels disclosure of the requested evidence. Evidence of officer misconduct is classic impeachment evidence, even when it relates to misconduct in a prior case. *E.g., Thompson v. City of Chicago,* 722 F.3d 963 (7th Cir.2013) (holding *Brady* required disclosure of evidence of pattern and practice of police misconduct).

Finally, the government claims it did not violate the sealing order in this case by publishing Mr. Johnson's name, his staged photograph, and allegations that he was a

---

[1] *See Tincher, et al. v. Noem, et al.*, Case No. 25-cv-4669 (KMM/DTS), ECF Nos. 1, 14, 33-37, 58-69, 97-99, 105-109, 140-230, 247-251 (filing sworn declarations).

violent assaultive rioter on Attorney General Bondi's X account before the case was unsealed. Incredibly the government contends that because the Court's order, "sealed only the complaint, the arrest warrant, and the affidavit of the case agent," the sealing order was not violated by Attorney General Bondi's X post.

First, Magistrate Judge Foster, who issued the sealing order in this case, has already concluded that publication of another defendant's name and photo in the same posting by Attorney General Bondi directly violated the sealing order. Order, *U.S. v. Flores*, ECF No. 26, Case No. 26-mj-57 (D. Minn., filed Feb. 24, 2026) ("The post also directly violated a court order sealing the case (ECF No. 6), which was not lifted until the Court conducted initial appearances later that day (*see* ECF No. 7)."

Second, it is axiomatic that it is not just the documents themselves, but the information they contain, that a sealing order protects. The government's belief that it can disclose information contained in a sealed complaint or affidavit without violating the sealing order is troubling to say the least. Publishing that information – on the Attorney General's personal social media page no less – violated the seal. This violation alone justifies the limited discovery Mr. Johnson seeks. *See United States v. Flemmi*, 233 F. Supp. 2d 75, 78 (D. Mass. 2000) (holding that defendant's discovery request was warranted where he presented "a prima facie case that the government has violated Rule 6(e), and other relevant rules, regulations, and orders relating to pretrial publicity").

### III.   AN EVIDENTIARY HEARING IS WARRANTED HERE.

Mr. Johnson awoke in his hospital bed to see ICE agents photographing and filming him with their phones. He has requested the identities of the individuals who held him in

4

custody at the hospital, as well as any photographs and communications (including any text messages) about his arrest. The government states with respect to this request:

> The Government sent out inquiries to several agents in the Department of Homeland Security (DHS), including the case agent assigned to this matter, agents involved in Johnson's arrest, and asked that the inquiry be sent to anyone else who might have been involved during his time at HCMC. To date, no one has confirmed such photos exist, much less produced them. We are still awaiting a few additional responses.

ECF No.

Neither the government, nor the Court, should credit these denials (or lack of responses) by the agents. Mr. Johnson certainly does not, since he was the one who awoke to find the agents snapping his picture. ICE and CBP agents have a well-documented, and egregious record of making false statements to investigators and this Court during Operation Metro Surge. Any statements they make must be tested to determine their reliability.

For example, the government was recently forced to dismiss two felony cases because: "newly discovered evidence . . . is materially inconsistent with the allegations in the Complaint Affidavit . . . as well as the preliminary-hearing testimony that was based on information presented to the Affiant [by ICE agents]." Government's Motion to Dismiss Complaint with Prejudice, *United States v. Aljorna*, Case No. 26-mj-23, ECF No. 48 (D. Minn., filed Feb. 12, 2026); *see also* Order, *Tincher v. Noem*, Case No. 25-cv-4669 (KMM/DTS), ECF No. 85 at 59-60 (D. Minn, filed January 16, 2026) (finding that "narrative of events" in sworn declaration of ICE Acting Field Director David Easterwood "is largely

5

contradicted by the videos that were linked to in the Easterwood Declaration or provided by the Defendants after the hearing").

Similarly, the government has moved to dismiss numerous other criminal cases in the past several weeks after charging those cases based on statements by ICE agents. *See, e.g.,* Government's Motion to Dismiss, *United States v. Collyard*, Case No. 25-mj-854, ECF No. 20 (D. Minn., filed Jan. 20, 2026) (voluntarily dismissing case where agents told investigator defendant had threatened to kill officers and tackled officer); Minute Entry, *United States v. Espinoza-Espinoza*, Case No. 26-mj-30, ECF No. 10 (D. Minn., dated January 26, 2026) (recording government motion to dismiss complaint where affidavit stated agents told investigator that defendant rammed agents with his car, injured agents and resisted arrest); Government's Motion to Dismiss, *United States v. Youssouf*, Case No. 26-mj-85, ECF No. 23 (D. Minn., filed Feb. 18, 2026) (voluntarily dismissing case where affidavit stated agents told investigator that defendant had violently assaulted them, including kicking and punching them); Government's Motion to Dismiss, *United States v. Tschida*, Case No. 26-mj-54, ECF No. 27 (D. Minn., filed February 19, 2026) (voluntarily dismissing case where agents told investigator that the defendant had impeded officers, refused commands to get back, and kicked the door of a government vehicle open during her arrest so that it struck an ICE agent); Government's Motion to Dismiss, *United States v. Rose*, Case No. 26-mj-104, ECF No. 19 (D. Minn., filed March 4, 2026) (voluntarily dismissing case where ICE agents told government investigator that defendant had intentionally blocked their vehicle to obstruct and impede them, and then intentionally rammed their car with her car after being told to stop

following them).

ICE's and CBP's practice of making false statements in Minnesota is consistent with its activities outside this jurisdiction. Judge Sara Ellis of the Northern District of Illinois, who heard testimony and received evidence related to DHS' First Amendment violations in Chicago, determined that DHS agents and officials made false statements and lacked credibility. *See, e.g., Chicago Headline Club, et al. v. Noem, et al.*, No. 25 cv 12173, 2025 WL 3240782, at *9-13 (N.D. Ill. Nov. 20, 2025) (documenting numerous false statements under oath by ICE agents and officials).[2]

Judge Ellis issued this scathing assessment: "Overall, after reviewing all the evidence, the Court finds that Defendants' widespread misrepresentations call into question everything that Defendants say they are doing in their characterization of what is happening at the Broadview facility or out in the streets of the Chicagoland area during law enforcement activities." *Id*. at *13.

---

[2] *See also* Jon Seidel, *Tracking every known federal prosecution in Chicago tied to Trump's immigration blitz*, CHICAGO SUN-TIMES, Feb. 18, 2026, (available at https://chicago.suntimes.com/2026/tracker-federal-prosecutions-chicago-status-trumps-immigration-blitz-ice) (recording that of thirty-two federal cases brought in Chicago alleging assault on a federal officer, three had been rejected by the grand jury, one had resulted in acquittal, and fourteen others had been voluntarily dismissed by the government, and no defendants had been convicted); Sam Levin, *DoJ cases against protesters keep collapsing as officers' lies are exposed in court,* THE GUARDIAN, Feb. 21, 2026, (available at https://www.theguardian.com/us-news/2026/feb/21/doj-protesters-federal-agents-cases?CMP=GTUS_email).

In short, it is sad to say, these federal agents cannot be trusted to tell the truth. Given ICE's lengthy history of official mendacity, the Court should not accept the government's invitation to take these ICE and CBP agents at their word – which is presented as unattributed hearsay, no less. This is especially true where Mr. Johnson has a clear and unequivocal memory of the incident, relayed it to counsel during counsel's first visit to Mr. Johnson at the hospital, and reiterates it again in his Motion. An evidentiary hearing at which the relevant agents testify under oath is necessary to vindicate Mr. Johnson's due process rights, and examination of these agents' electronic devices should be performed to identify any communications about, and images of, Mr. Johnson, which should then be produced to him

## CONCLUSION

For the above-stated reasons, the Court should grant Mr. Johnson's Motion for Expedited Discovery and an Evidentiary Hearing.


Respectfully submitted,


Dated:  March 9, 2026            */s/ Kevin C. Riach*
                                 Kevin C. Riach (#0389277)
                                 125 Main St. SE, Suite 339
                                 Minneapolis, MN 55412
                                 Telephone:  612.203.8555
                                 kevin@riachdefense.com
                                 **Attorney for Defendant**