**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

| | |
|---|---|
| United States of America, | Case No:  0:26-mj-81 (KMM/SGE) |
| Plaintiff, | |
| vs. | **ORDER** |
| Paul Ervin Johnson, | |
| Defendant. | |

The Court held a hearing on Defendant's Motions for Expedited Discovery, Protective Order, and Evidentiary Hearing (Dkt. 13), as well as the Government's Motion for a Protective Order (Dkt. 28) on April 3, 2026. (Dkt. 51.) This Order summarizes the Court's decision on the bench, granting in part and denying in part both the Defendant's and Government's motions.

I.  **Defendant's Motions for Expedited Discovery, Protective Order, and Evidentiary Hearing (Dkt. 13)**

The Court granted in part and denied in part Defendant's Motion for Expedited Discovery, Protective Order, and Evidentiary Hearing. (Dkt. 13.)

First, the Court granted Defendant's request for expedited discovery in so far as the Government shall produce: (1) the identities of the DHS agents who arrested and allegedly assaulted Mr. Johnson, (2) the identities of any DHS agents who held Mr. Johnson under arrest at the Hennepin County Medical Center ("HCMC") by remaining in his room and thereby remaining in control over his movements and actions, (3) the identities of any DHS agents who took photographs or filmed Mr. Johnson while he was receiving treatment at

1

HCMC, (4) disclosure of all photographs and/or videos of Mr. Johnson taken at HCMC, and (5) the identities of the DHS agents that were also involved in his surrender on January 28, 2026 if they were the same agents involved in either his arrest and alleged assault on January 22, 2026 or in photographing and recording him at HCMC.

The Court explained that Mr. Johnson's arrest and alleged assault on the day of the offense are directly relevant to this case and the conduct at HCMC allegedly occurred between January 22, 2026 and January 26, 2026, after the alleged assault of a federal officer and before Mr. Johnson was charged. Thus, this information is relevant to Mr. Johnson's forthcoming malicious prosecution and outrageous government conduct defenses. The Court also explained that the identities of the agents involved in the activities addressed above are relevant to each agent's credibility, and thus for impeachment purposes at trial, and must be disclosed pursuant to *Brady v Maryland,* 373 U.S. 83 (1963). The Court denied Mr. Johnson's request for expedited discovery in all other respects.

Second, the Court granted Mr. Johnson's motion for a protective order in so far as any photographs or videos taken of Mr. Johnson at HCMC or in the United States Marshal holding prior to his initial appearance in court shall not be disseminated nor shared either privately or publicly by the United States or its officers or agents. And third, the Court declined Mr. Johnson's vague request to hold an evidentiary hearing on any motions Mr. Johnson has yet to file.

## II.    Government's Motion for a Protective Order (Dkt. 28)

The court granted in part and denied in part the Government's Motion for a Protective Order (Dkt. 28.) The Court found "good cause" under Federal Rule of Criminal

Procedure 16(d)(1) to protect personal identifying information ("PII") of any party, alleged victim, or witnesses, such as telephone numbers, addresses, email addresses, social media accounts, social security numbers, medical information, and dates of birth and the Court granted the Government's Motion as to PII. However, the Court denied the Government's Motion to protect the identities of the alleged victim DHS agents because the Government's generalized concerns about the "dignity and privacy" of the agents and potential for doxxing did not establish "good cause" to believe that disclosure of identities would lead to a specific threat of *serious* injury. *See generally United States v. Wecht*, 484 F.3d 194 (3d Cir. 2007). "Broad allegations of harm, unsubstantiated by specific examples or articulated reasoning, do not support a good cause showing." *Wecht*, 484 F.3d at 211 (quoting *Pansy v. Borough of Stroudsburg*, 23 F.3d 772, 786 (3d Cir. 1994)).

The request to keep the identities of law enforcement officers confidential is highly unusual. Until very recently, law enforcement officers have not worn masks nor requested that their identities remain confidential, except when they are acting covertly, undercover. Law enforcement routinely work openly in the community with their name on their uniforms. They write reports and sign affidavits under their names, which are then disclosed without a protective order. The identities of law enforcement officers have always been public to keep transparency, ensure accountability, and to maintain the public's trust in law enforcement institutions. The Court will not protect the identities of arresting law enforcement officers without a sufficient showing there is a specific threat of *serious* injury and the Government's motion is denied as to this request.

For these reasons, the Court granted in part and denied in part the Government's

3

Motion for a Protective Order.

## ORDER

Based on the foregoing, and on all the files, records, and proceedings, herein, the Court enters the following Order summarizing its rulings from the bench:

1. Mr. Johnon's Motion for Expedited Discovery, Protective Order, and Evidentiary Hearing (Dkt. 13) was **GRANTED IN PART AND DENIED IN PART**.

    a. The Government shall produce: (1) the identities of the DHS agents who arrested and allegedly assaulted Mr. Johnson, (2) the identities of any DHS agents who held Mr. Johnson under arrest at the Hennepin County Medical Center ("HCMC") by remaining in his room and thereby remaining in control over his movements and actions, (3) the identities of any DHS agents who took photographs or filmed Mr. Johnson while he was receiving treatment at HCMC, (4) disclosure of all photographs and/or videos of Mr. Johnson taken at HCMC, and (5) the identities of the DHS agents that were involved in his surrender on January 28, 2026 if they were also the same agents involved in either his arrest and assault on January 22, 2026 or in photographing and recording him at HCMC.

    b. Any photographs or videos taken of Mr. Johnson at HCMC or in the United States Marshal holding prior to his initial appearance in court shall not be disseminated or shared either privately or publicly by the United States or its officers or agents.

    c. The motion was denied in all other respects.

4

2.  The Government's Motion for a Protective Order (Dkt. 28) was **GRANTED IN PART and DENIED IN PART**.

    a.  Neither party may publicly disclose any party, victim, or witness's PII, including any telephone numbers, addresses, email addresses, social media accounts, social security numbers, medical information, and dates of birth.

    b.  PII shall be held in strict confidentiality by Mr. Johnson and his defense counsel and may be used only for purposes of this litigation;

    c.  Defense counsel shall limit the making of copies of the PII to those necessary to their activities as counsel to Mr. Johnson in this action (co-counsel, paralegals, investigators, experts, litigation support personnel, and secretarial staff);

    d.  All individuals having access to these materials shall be informed of the terms of the Protective Order prior to disclosure and shall certify, by signing a copy of the Protective Order, that they have read the terms of the Protective Order and understand that they are bound by these terms;

    e.  Any documents or other materials containing the PII, and all copies of them, must be destroyed or returned to the government within thirty (30) days of the conclusion of this litigation with the exception of one copy of discovery which may be retained by counsel in their file, and which will remain subject to the Protective Order; and

f. Use of the PII covered by the Protective Order for any purpose other than the instant litigation shall be deemed a violation of the Protective Order punishable by sanctions, including contempt of court.

Dated: April 8, 2026

*s/Shannon G. Elkins*
SHANNON G. ELKINS
United States Magistrate Judge

6