# UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| United States of America,<br><br>*Plaintiff,*<br><br>v.<br><br>Paul E. Johnson<br><br>*Defendant.* | Case No.: 0:26-MJ-00081-KMM-SGE<br><br>**UNOPPOSED MOTION FOR LEAVE TO FILE BRIEF OF *AMICI CURIAE* FORMER U.S. MILITARY LAWYERS IN SUPPORT OF DEFENDANT'S OBJECTIONS TO THE ORDER DENYING THE MOTION TO STRIKE** |

Zachary T. West
PROTECT DEMOCRACY PROJECT
2020 Pennsylvania Ave NW, Suite 163
Washington, DC 20006
Tel: (202) 579-4582
Fax: (202) 769-3176
zachary.west@protectdemocracy.org

Beau C. Tremitiere
PROTECT DEMOCRACY PROJECT
300 Center Ave, Suite G-251
Superior, CO 80027
Tel: (202) 579-4582
Fax: (202) 769-3176
beau.tremitiere@protectdemocracy.org

*Counsel for Amici Curiae*

John R. Marti
   *Counsel of Record*
Dorsey & Whitney LLP
50 South 6th St, Suite 1500
Minneapolis, MN 55402
Tel: (612) 492-6775
Fax: (612) 677-3265
marti.john@dorsey.com

Twenty-seven former U.S. military lawyers respectfully move this Court for leave to appear as *amici curiae* and to file the proposed amicus brief, attached hereto, in support of Defendant's Objections to Magistrate Judge Elkins' May 1, 2026 Order denying Defendant's Motion to Strike Appearance of government counsel. Plaintiff United States of America and Defendant Paul E. Johnson have all consented to the filing of this amicus brief.

## BACKGROUND

On March 10, 2026, *amici* filed an Unopposed Motion for Leave to File Brief of *Amici Curiae* Former U.S. Military Lawyers (ECF No. 39) and proposed amicus brief (ECF No. 39-1) in support of the Defendant's Motion to Strike Appearance of Government's Counsel (ECF No. 24). The next day, the magistrate judge granted *amici's* motion, finding the attached amicus brief useful. ECF No. 44. Following substantial briefing and roughly ninety minutes of oral argument, the magistrate judge denied the Defendant's Motion to Strike on May 1, 2026. ECF No. 61. The magistrate judge's Order engaged *amici's* arguments directly, citing the amicus brief throughout the ruling. *See* ECF No. 61, at 4–10 (citing ECF No. 39-1). Defendant intends to object to that Order, and his objections are due on June 5, 2026.The parties recently jointly requested that the Court expand the 3,500-word limit in Local Rule 72.2(c) to permit each side 7,000 words for the objections and response, citing the complexity of the issues, the matter's status as one of first

impression in this District, and the substantial briefing and argument the motion has already required. ECF No. 66. This Court granted that motion. ECF No. 67.

## ARGUMENT

Whether to permit *amici's* participation rests in the sound discretion of the Court. As courts in this District have recognized, "[t]here is no formal rule governing the standard by which to evaluate whether to grant a motion requesting leave to file an amicus curiae brief." *Larson v. Allina Health Sys.*, No. 17-CV-3835 (SRN/TNL), 2020 WL 583082, at *2 (D. Minn. Feb. 6, 2020). The decision is committed to the Court's discretion, which it may exercise to grant or refuse leave as it deems the proffered information "timely, useful, or otherwise." *Murphy v. Piper*, No. 16-cv-2623 (DWF/BRT), 2018 WL 2088302, at *11 (D. Minn. May 4, 2018) (quoting *Richland/Wilkin Joint Powers Auth. v. U.S. Army Corps of Eng'rs*, 38 F. Supp. 3d 1043, 1055 (D. Minn. 2014)). This Court should grant leave to *amici* for three reasons.

First, the magistrate judge determined that *amici's* participation was useful, ECF No. 44, and the present request seeks to continue that participation on the same novel and complex question: whether the Posse Comitatus Act (PCA) bars a judge advocate (JAG) serving as a Special Assistant U.S. Attorney (SAUSA) from prosecuting Mr. Johnson in a case with no military nexus. As the parties noted, this is a complex issue on a matter of first impression in this District. ECF No. 66. The

3

proffered amicus brief is useful because it provides non-cumulative analysis—including information not presented before the magistrate judge—discussing (1) when JAGs may lawfully serve as SAUSAs without violating the PCA; (2) Congress's and the military's long-held view that JAGs may only serve as SAUSAs in cases with a military nexus; and (3) why there are unique military reasons for disqualifying government counsel, given the magistrate judge concluded that the government is violating its own binding regulations. This analysis comes from former JAGs—many of whom served as and supervised SAUSAs in the Department of Justice—thereby offering a helpful perspective for the Court's *de novo* review from practitioners with relevant direct experience and an understanding of how the U.S. military has historically conducted its lawful SAUSA programs.

Second, the magistrate judge's Order engaged *amici's* arguments directly and at length. The Order identified the positions it analyzed as those of "Mr. Johnson and amici curiae," cited *amici's* brief throughout, *see* ECF No. 61, at 4–10, and devoted analysis to *amici*'s arguments. Because the Order resolved the Defendant's motion in significant part by addressing the arguments *amici* raised, the Court would benefit from the updated brief presented by *amici* in order to have a fulsome presentation of the nuanced legal issues and pertinent history.

Third, all the requirements for a brief of *amici curiae* before are satisfied.

4

The proposed brief is timely: it is submitted contemporaneously with Defendant's Objections, so that the Court will have the benefit of *amici*'s submission while the Objections are pending and without any delay to the briefing schedule the parties have proposed. No counsel for either party authored the proposed brief in whole or part, and no person other than *amici* or their counsel contributed money intended to fund the preparation or submission of the proposed brief. *See* Fed. R. App. P. 29(a)(4)(E). All parties have consented to the filing of this amicus brief. And the amicus brief complies with the type-size and formatting requirements jointly agreed to by the parties and approved by this Court. The brief contains 6,931 words and is therefore in compliance with the Court's order establishing a 7,000-word limit for the parties' forthcoming briefs. ECF No. 67.[1]

## **CONCLUSION**

For the foregoing reasons, *amici* respectfully request that the Court grant leave to file the accompanying brief of amici curiae, which complies with the 7,000-word limit proposed by the parties and approved by the Court.

---

[1] To the extent that leave is required under Local Rule 72.2(c)(1)(C) to file an amicus brief exceeding 3,500 words, *amici* respectfully request it here. The accompanying brief otherwise complies with the type-size and formatting requirements of Local Rule 72.2(c)(2) and is accompanied by a certificate of compliance stating its word count. For the reasons discussed above, the additional length is warranted and is consistent with the limits the parties themselves have proposed.

Respectfully submitted,


Dated: June 5, 2026                                   /s/ John R. Marti

    Zachary T. West                              John R. Marti
    PROTECT DEMOCRACY PROJECT              *Counsel of Record*
    2020 Pennsylvania Ave NW, Suite 163     Dorsey & Whitney
    Washington, DC 20006                    LLP
    Tel: (202) 579-4582                     50 South 6th St, Suite 1500
    Fax: (202) 769-3176                     Minneapolis, MN 55402
    zachary.west@protectdemocracy.org       Tel: (612) 492-6775
                                             Fax: (612) 677-3265
    Beau C. Tremitiere                      marti.john@dorsey.com
    PROTECT DEMOCRACY PROJECT
    300 Center Ave, Suite G-251
    Superior, CO 80027
    Tel: (202) 579-4582
    Fax: (202) 769-3176
    beau.tremitiere@protectdemocracy.org

    *Counsel for Amici Curiae*

6

**CERTIFICATE OF SERVICE**

I, John R. Marti, hereby certify that on June 6, 2026, I electronically filed the foregoing Unopposed Motion For Leave to File Brief of *Amici Curiae* former U.S. Military Lawyers with the Clerk of the Court for the United States District Court for Minnesota by using the CM/ECF system. A true and correct copy of this brief has been served via the Court's CM/ECF system on all counsel of record.


Dated: June 5, 2026                                    /s/ John R. Marti
                                                                    John R. Marti