United States of America,

      Plaintiff,

v.

Paul E. Johnson

      Defendant.

Court File No. 26-mj-81

**DEFENDANT'S MOTION TO
DISMISS FOR FAILURE TO
STATE AN OFFENSE**

Pursuant to Federal Rule of Criminal Procedure 12(b)(3)(B)(v), Defendant moves this Court for a dismissal of the information for "failure to state an offense."

Federal Rule of Criminal Procedure 7(c) requires that an information "must be a plain, concise, and definite written statement of the essential facts constituting the offense charged[.]" An information is sufficient when it contains "the elements of the offense charged, and sufficiently apprises the defendant of what he must be prepared to meet, and in case any other proceedings are taken against him for a similar offense, whether the record shows with accuracy to what extent he may plead a former acquittal or conviction." *United States v. Tebeau*, 713 F.3d 955, 962 (8th Cir. 2013). A charging document is insufficient when a key element of the charge is not included. *United States v. Olson*, 262 F.3d 795, 799 (8th Cir. 2001). When determining whether the information has failed to state an offense, the Court must test the information solely on the allegations contained on the face

of the information and must not consider evidence outside of the four corners. *United States v. Sholley-Gonzalez*, 996 F.3d 887, 893 (8th Cir. 2021).

The information in this case charges a single count violating 18 U.S.C. § 111(a)(1). (ECF No. 20). The Eighth Circuit model instruction 6.18.111 provides the following elements for Count 1:

> One, that the defendant forcibly assaulted, in this case an Immigration and Customs Enforcement employee;
>
> Two, the assault was done voluntarily and intentionally; and
>
> Three, at the time of the assault, the [Customs and Border Protection employee] was doing what he was employed by the federal government to do.

But the information makes no allegation that addresses the second element of the offense. The information's failure to allege a key element (the second element of the offense) is a defect that requires dismissal. "An indictment is fatally insufficient when an essential element 'of substance' is omitted, rather than one 'of form' only." *United States v. Mallen*, 843 F.2d 1096, 1102 (8th Cir. 1988). The missing element here is one of substance

Additionally, while not strictly required, the lack of any alleged facts in the information is problematic because the misdemeanor information does not adequately allege a 111(a) offense to provide him with notice of what he needs to defend, nor does it provide him adequate protection to raise double jeopardy defenses in the future. Instead, the Misdemeanor Information does nothing but paraphrase the language of the charging statute (18 U.S.C. § 111), reference an alleged date of the offense, and state the Defendant's

name. (ECF No. 18.) It does not identify any conduct by the Defendant that is alleged to constitute a crime. While a charging document that merely cites the charging statute may be sufficient in some cases, it is not here. The United States has failed to identify which method of violating the statute is at issue (i.e. assault, resist, oppose, impede, or intimidate), and it has further failed to explain how the Defendant allegedly committed the charged offense.

A charging document must "fairly inform[] the defendant of the charges against which he [or she] must defend, and allege[] information to allow a defendant to plead a conviction or acquittal as a bar to a subsequent prosecution." *United States v. Sewell*, 513 F.3d 820, 821 (8th Cir. 2008). But the Misdemeanor Information here does not provide sufficient information to identify which particular conduct the Defendant engaged in that violated any particular aspect of the charging statute. As such, there is a significant risk that the Defendant could not plead a bar to a subsequent prosecution. A subsequent Court could not be sure whether a subsequent prosecution was based on precisely the same conduct alleged in this case, or on different conduct that occurred on the same day. For these reasons, the Information should be dismissed.

Respectfully Submitted,


Dated:  June 12, 2026                              */s/ Kevin C. Riach*
                                                   Kevin C. Riach (#0389277)
                                                   125 Main St. SE, Suite 339
                                                   Minneapolis, MN 55412
                                                   Telephone:  612.203.8555
                                                   kevin@riachdefense.com
                                                   *Attorney for Defendant*