United States of America,

Plaintiff,

v.

Paul E. Johnson

Defendant.

Court File No. 26-mj-81

**DEFENDANT'S MOTION TO
SUPPRESS**

Defendant moves the Court pursuant to Rule 12(b)(3)(C) of the Federal Rules of Criminal Procedure and the Fourth Amendment to suppress any and all fruit of the unlawful seizure and arrest of Mr. Johnson on January 22, 2026, including observations made by federal agents, evidence obtained by federal agents, and any statements made by Mr. Johnson.

To initiate a stop, a DHS or Border Patrol officer must have a reasonable suspicion, based on specific articulable facts that the person being stopped is or attempted to be engaged in an offense against the United States for which the officer has the authority to arrest. *United States v. Arvizu*, 534 U.S. 266, 273 (2002); *United States v. Brignoni-Ponce*, 422 U.S. 873, 884 (1975); 8 C.F.R. § 287.8(b). Further, warrantless arrests must be supported by probable cause. *Maryland v. Pringle*, 540 U.S. 366, 370 (2003).

"Probable cause exists when the totality of the circumstances at the time of arrest are sufficient to lead a reasonable person to believe that the defendant has committed or is

committing an offense." *United States v. Flores-Lagonas*, 993 F.3d 550, 560 (8th Cir. 2021). The existence of probable cause "depends upon the reasonable conclusion to be drawn from the facts known to the arresting officer at the time of the arrest." *Devenpeck v. Alford*, 543 U.S. 146, 152 (2004). Thus, agents needed "more than a reasonable, articulable suspicion that [Mr. Johnson] committed a crime." *Bell v. Neukirch*, 979 F.3d 594, 603 (8th Cir. 2020). Rather, they must be able to show there was a "fair probability" or "substantial chance" that Mr. Johnson had committed an offense. *Illinois v. Gates*, 462 U.S. 213, 243 n.13 (1983). Evidence obtained in violation of the Fourth Amendment, as well as evidence obtained by exploiting that illegality, must be suppressed. *Mapp v. Ohio*, 367 U.S. 643 (1961); *Wong Sun v. United States*, 371 U.S. 471 (1963).

Here, Mr. Johnson was unlawfully stopped and seized when ICE and CBP agents boxed in his vehicle and violently arrested him, even though he was engaged in the protected First Amendment conduct of observing ICE and protesting its presence in his community at the time of his arrest, and he had committed no crimes. Any evidence gathered pursuant to this arrest, including body-worn camera footage, physical evidence, and statements of officers, witnesses, and Mr. Johnson should be suppressed. Further, any observations by federal agents after this unlawful seizure should be suppressed. *See, e.g., United States v. Crews*, 445 U.S. 463, 470 (1963) (stating that exclusionary sanction applies to officer observations).

Mr. Johnson requests an evidentiary hearing to further develop the factual record and requests that the officers responsible for his seizure and arrest testify at the motions hearing to explain the grounds for their seizure and arrest of Mr. Johnson. Mr. Johnson

submits that evidence at this hearing will establish that ICE and CBP stopped, seized, and violently arrested Mr. Johnson in retaliation for Mr. Johnson's lawful conduct of observing ICE and protesting its presence in his community. He respectfully requests the opportunity to provide further briefing on this motion after the factual record is developed.

Respectfully Submitted,

Dated:  June 12, 2026

/s/ Kevin C. Riach
Kevin C. Riach (#0389277)
125 Main St. SE, Suite 339
Minneapolis, MN 55412
Telephone:  612.203.8555
kevin@riachdefense.com
*Attorney for Defendant*